IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN MCCLINTIC,** | : | CIVIL NO.1:14-CV-2005 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT TAB BICKELL,** | : | |
| **DEPUTY SUPER J. A. ECKARD,** | : | |
| **CAPT. HARRIS, LT. JOHNSON,** | : | |
| **LT. TAYLOR, D.D. MORNINGSTAR,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 24th day of October, 2014, upon consideration of plaintiff's motion (Doc. 2) for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), and assuming that plaintiff's claims have an arguable basis in law and fact[1], and it appearing, at this early juncture in the proceedings, from the complaint (Doc. 1) and the instant motion (Doc. 2), that he is capable of properly and forcefully prosecuting

---

[1] If the Court determines that a claim has "arguable merit in fact and law," Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), consideration of the litigant's ability to proceed *pro se* in light of a number of additional non-exhaustive factors, including: (1) the plaintiff's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on his or her own behalf, is then undertaken. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 457–58 (3d Cir. 1997); Tabron, 6 F.3d at 155–57.

his claims, and that discovery neither implicates complex legal or factual issues nor requires factual investigation or the testimony of expert witnesses, and it being well-established that indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel in a civil case, Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002), and that district courts have broad discretion to determine whether to appoint counsel under 28 U.S.C. § 1915, it is hereby ORDERED that the motion (Doc. 2) is DENIED.  If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania