IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN MCCLINTIC,** | : | CIVIL NO. 1:14-CV-2005 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT TAB BICKELL,** | : | |
| **DEPUTY SUPER J.A. ECKARD,** | : | |
| **CAPT. HARRIS, LT. JOHNSON,** | : | |
| **LT. TAYLOR, D.D. MORNINGSTAR,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff John McClintic ("McClintic"), an inmate incarcerated at the Greene State Correctional Institution in Waynesburg, Pennsylvania ("SCI-Greene"), commenced this civil action on October 16, 2014. (Doc. 1). Ripe for disposition is defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 18). Defendants seek an entry of judgment on all claims based on McClintic's failure to exhaust administrative remedies. (Docs. 18, 20). For the reasons set forth below, the motion will be granted.

**I.      Standard of Review**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(a), (c). The burden of proof is upon the nonmoving party to come forth with "affirmative

evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the nonmoving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e).  Only if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

## II.     Statement of Material Facts

McClintic claims that he was assaulted by another inmate on October 24, 2012 while housed at SCI-Huntingdon.  (Doc. 1; Doc. 19, ¶ 7; Doc. 26, ¶ 7).  He alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, and failed to protect him from the alleged assault.  (Doc. 1; Doc. 19, ¶ 6; Doc. 26, ¶ 6).  The complaint names as defendants Tab Bickell, J.A. Eckard, Captain Harris, Lieutenant Johnson, Lieutenant Taylor, and D.D. Morningstar.  (Doc. 1; Doc. 19, ¶ 5; Doc. 26, ¶5).

In the ordinary course of business, all grievances filed by inmates are maintained in the Automated Inmate Grievance Tracking System.  (Doc. 19-2, pp. 5-6, ¶ 10; Doc. 19-3, p. 2).  A search of the system was conducted to determine whether McClintic filed any grievances related to the claims in his complaint.  (Doc. 19, ¶ 45).  This search revealed that McClintic filed one grievance related the October 24, 2012 alleged assault at SCI-Huntingdon.  (Doc. 19, ¶¶ 45, 46; Doc. 19-2, p. 9, ¶ 20; Doc. 26 ¶¶ 45, 46).

On January 8, 2013, the Facility Grievance Coordinator at SCI-Huntingdon received McClintic's Grievance Number 442879, dated January 4, 2013. (Doc. 19, ¶ 47; Doc. 19-2, pp. 48-50). In the grievance, McClintic alleged that he was assaulted on October 24, 2012 in the prison yard. (Doc. 19, ¶ 51). The grievance named the following individuals: Dave Morningstar, Captain Harris, Captain K. Kauffman, Deputy Supp. Garmen, Lieutenant Taylor, Justin Jones, and Jesse Shalters. (Doc. 19, ¶ 49; Doc. 19-2, pp. 48-50; Doc. 26, ¶ 49). McClintic claimed that these individuals knew of the risk of the impending harm, and were negligent by failing to protect him from assault and failing to provide adequate "care, custody, and control." (Doc. 19, ¶ 52; Doc. 19-2, p. 50; Doc. 26 ¶ 52). McClintic acknowledged that he filed the grievance "well-over" the time frame provided in the DC-ADM 804. (Doc. 19, ¶ 53; Doc. 19-2, p. 50; Doc. 26, ¶ 53). He reasoned that the grievance was untimely filed because he suffered from memory loss and a concussion after the alleged assault on October 24, 2012 and could not remember the alleged incident. (Doc. 19, ¶ 54; Doc. 26, ¶ 54). McClintic requested that his memory loss and "other [unidentified] factors" be taken into consideration in permitting him to file the untimely grievance. (Id.)

The DC-ADM 804 permits an extension of time for filing a grievance only where the inmate notifies the Facility Grievance Coordinator of the reason for the delay in filing, and where the Facility Grievance Coordinator determines that the delay was valid. (Doc. 19, ¶ 58). The parties dispute whether McClintic sought an extension of time for filing a grievance pertaining to the October 24, 2012 incident. (Doc. 19, ¶ 59; Doc. 26, ¶ 59).

3

On January 8, 2013, the Facility Grievance Coordinator at SCI-Huntingdon rejected Grievance Number 442879. (Doc. 19, ¶ 55; Doc. 19-2, p. 47). The grievance was rejected because it was three pages in length, and therefore exceeded the two-page limit, and because it was untimely filed. (Doc. 19, ¶¶ 56, 57; Doc. 19-2, p. 47). McClintic disputes whether the grievance was three pages in length. (Doc. 26, ¶¶ 47, 48).

On January 16, 2013, McClintic filed an appeal to the Facility Manager for Grievance Number 442879. (Doc. 19, ¶ 61; Doc. 19-2, p. 46; Doc. 26, ¶ 61). McClintic again stated that he failed to timely file the grievance due to memory loss from a concussion. (Doc. 19, ¶ 62; Doc. 19-2, p. 46; Doc. 26, ¶ 62). McClintic did not challenge the Facility Grievance Coordinator's rejection based on exceeding the page limitation. (Doc. 19, ¶ 65; Doc. 19-2, p. 46; Doc. 26, ¶ 65). On January 25, 2013, the Facility Manager upheld the rejection of Grievance Number 442879. (Doc. 19, ¶ 66; Doc. 19-2, p. 45; Doc. 26, ¶ 66). The Facility Manager explained that the original grievance was rejected because it exceeded the two-page limit and was untimely filed. (Doc. 19, ¶ 67; Doc. 19-2, p. 45; Doc. 26, ¶ 67). The Facility Manager noted that although McClintic claimed that the grievance was untimely filed due to memory loss, his medical records from October 2012 through December 2012 never mentioned any complaints of memory loss. (Doc. 19, ¶ 68; Doc. 19-2, p. 45; Doc. 26, ¶ 68). It was therefore determined that the original grievance was untimely filed and properly rejected. (Id.)

On February 7, 2013, McClintic submitted a Final Appeal of Grievance Number 442879 to the Secretary's Office of Inmate Grievances and Appeals

("SOIGA"). (Doc. 19, ¶ 71; Doc. 19-3, pp. 49-50; Doc. 26, ¶ 71). McClintic again stated that he filed his grievance late due to memory loss, and stated that he reported the memory loss to a neurologist on January 15, 2013. (Doc. 19, ¶ 72; Doc. 19-3, pp. 49-50; Doc. 26, ¶ 72). McClintic failed to challenge the Facility Grievance Coordinator's first rationale for the rejection of his initial grievance, i.e., that the grievance exceeded the two-page limit. (Doc. 19, ¶ 76; Doc. 19-3, pp. 49-50; Doc. 26, ¶ 76). On April 12, 2013, the Chief Grievance Officer of the SOIGA issued a "Final Appeal Decision" dismissing Grievance Number 442879. (Doc. 19, ¶ 80; Doc. 19-2, pp. 43-44; Doc. 26, ¶ 80). The Chief Grievance Officer found that the grievance was properly rejected at the facility level for being untimely filed. (Id.)

### III. Discussion

Defendants seek summary judgment on the ground that McClintic failed to properly administratively exhaust all claims in the complaint.[1] The Pennsylvania Department of Corrections ("DOC") has an Inmate Grievance System which permits any inmate to seek review of problems that may arise during the course of confinement. 37 Pa.Code § 93.9(a); see also www.cor.state.pa.us, DOC Policies, Policy No. DC-ADM 804, Inmate Grievance System. After an attempt to resolve any

---

[1] According to defendants, McClintic has failed to satisfy the exhaustion requirement in several respects. First, they assert that McClintic failed to timely file his original grievance and the grievance exceeded the two-page limit. Next, McClintic raises an Eighth Amendment claim in the instant action, and defendants argue that this claim is different from the issues raised in McClintic's grievance. Finally, the grievance failed to identify three defendants named in the instant action. As discussed herein, the court finds that McClintic failed to satisfy the exhaustion requirement based on his failure to comply with the page limit requirement and failure to identify three defendants named in this action. For purposes of this memorandum, the grievance is deemed timely filed and deemed to include the claims alleged in the instant complaint.

problems informally, an inmate may submit a written grievance to the Facility's Grievance Coordinator for initial review. This must occur within fifteen days after the events upon which the claims are based. Within fifteen days of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility Manager of the institution. Thereafter, within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals. See Booth v. Churner, 206 F.3d 289, 293 n. 2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process).

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion requirement is mandatory, see Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Courts have also imposed a procedural default component on the exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). Inmates who fail to fully, or timely,

6

complete the prison grievance process, or who fail to identify the named defendants, are barred from subsequently litigating claims in federal court.  See Spruill, 372 F.3d 218.  An "untimely or otherwise procedurally defective administrative grievance" does not satisfy the PLRA's exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  Thus, the PLRA mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.  Id. at 92.

    Grievance Number 442879 was initially rejected by the Facility Grievance Coordinator because it exceeded the two-page limit as provided in the DC-ADM 804 and was untimely filed[2].  (Doc. 19-2, pp. 47-50).  McClintic asserts that his original grievance was only two pages in length.  (Doc. 26, ¶¶ 47, 48).  He argues that because he wrote on the front and back of legal size sheet of paper, it constitutes only one page.  (Doc. 27, pp. 4-5).  However, the DC-ADM 804 explicitly states that, "[t]he statement of facts must not exceed two pages and must be handwritten or typed on writing paper (one DC-804, Part 1 and <u>one one-sided 8½" x 11" page</u>)."  See (Doc. 19-2, p. 22, DOC Policy No. DC-ADM 804, Section 1(A)(12) (2010 edition)) (emphasis added).  Moreover, McClintic acknowledges that his grievance was three pages in length, stating, "read on the back of the 3rd page I sent", and "[i]f you look at the

---

[2] McClintic admits that he "filed his grievance 2½ months after the 15 days allowed."  (Doc. 1, p. 4).  In an attempt to justify his untimely filing, McClintic asserts that he suffered from memory loss and did not remember the alleged incident until two and one-half months later.  (Doc. 1).  The court finds that McClintic has essentially raised an equitable basis to excuse his untimely filing and, for the purpose of this memorandum, will presume that the grievance was timely filed.

three pages I sent on the back at the bottom I ask for money. . .". (Doc. 26, ¶ 52; Doc. 27, p. 2).

In Rivera v. Pennsylvania Dept. of Corrections, 2010 WL 339854 (W.D. Pa. 2010), aff'd, 338 F. App'x 107 (3d Cir. 2010), the inmate's original grievance was returned to him because it exceeded the two-page limit and he was instructed that he may resubmit the grievance if it was limited to two pages. Instead of correcting the grievance, the inmate filed appeals to the Facility Manager and to the SOIGA. These appeals were dismissed based on the inmate's failure to comply with the two-page requirement. The inmate subsequently filed a civil rights action, which was dismissed pursuant to the PLRA based on failure to exhaust the administrative remedies available to him. The court held that the inmate's "failure to even attempt to comply with the page limitation is a sufficient basis for determining that Plaintiff failed to 'substantially comply' with the DOC's administrative appeals process." Rivera, 2010 WL 339854, at *3.

Similarly, McClintic's refusal to even attempt to comply with the rules for filing administrative appeals precludes a finding of substantial compliance with the

grievance procedure.[3]  See Lee v. Lindsey, 2009 WL 1076390 (M.D. Pa. 2009) (finding that the prisoner did not substantially comply with the prison's administrative procedure where he failed to file a grievance on the proper form, was told of this defect, and failed to timely submit an amended grievance).

Additionally, McClintic failed to refute this rejection reason in his appeal to the Facility Manager or in his appeal to the SOIGA.  The DC-ADM 804 states that "[t]he appeal [to the Facility Manager] must clearly identify the Initial Review Response/Rejection and the reason(s) for the appeal."  See (Doc. 19-2, p. 22, DOC Policy No. DC-ADM 804, Section 2(A)(1)(e)).  Further, "[o]nly issues appealed to the Facility Manager may be appealed to Final Review."  Id. at Section 2(B)(1)(b).

In his appeal to the Facility Manager, McClintic stated that he failed to timely file a grievance due to memory loss from a concussion.  (Doc. 19-2, p. 46).  McClintic did not challenge the Facility Grievance Coordinator's rejection based on exceeding the page limitation.  (Doc. 19, ¶ 65; Doc. 19-2, p. 46; Doc. 26, ¶ 62).  Upon review of

---

[3] McClintic generally avers that he was denied a current copy of the DC-ADM 804 policy and was unaware that he could resubmit his grievance under the same number.  (Doc. 27, p. 20).  However, McClintic admits that he received an inmate handbook in 2009 containing the DC-ADM 804 policy, and received another inmate handbook in 2013.  (Id. at p. 3).  The 2009 edition of the DC-ADM 804 policy contains nearly identical language to the policy in effect at the time of the alleged assault.  Compare http://www.thefreeinmatelocator.com/support-files/2009_inmate_ handbookpa.pdf, DOC Inmate Handbook, DOC Policies, Policy No. DC-ADM 804 (2009 edition), with, Doc. 19-2, p. 22, DOC Policy No. DC-ADM 804, Section 1(A)(12) (2010 edition) (providing that the statement of facts must be typed or written on paper and shall not exceed two pages "(one DC-804, Part 1, and one one-sided 8 ½" x 11" page)").  Even if McClintic was denied a current copy of the DC-ADM 804 policy, the fact remains that a grievance must not exceed two pages in length. Moreover, his appeals of the rejection of Grievance Number 442879 clearly indicate that he knew how and when to file an administrative appeal.  Thus, McClintic's failure to properly exhaust his administrative remedies cannot be attributed to the alleged inaccessibility of the DC-ADM 804 policy.

the appeal, the Facility Manager found that the original grievance was untimely and properly rejected. (Doc. 19-2, p. 45; Doc. 19-3, p. 48). McClintic then submitted a Final Appeal of the grievance to the SOIGA. (Doc. 19-3, pp. 49-50). McClintic stated that he filed his grievance late due to memory loss, however he again failed to challenge the rejection rationale based on the page length. (Id.) The Chief Grievance Officer of the SOIGA ultimately determined that the grievance was properly rejected at the facility level for being untimely filed. Neither the Facility Grievance Coordinator nor the Chief Grievance Officer addressed the page limitation, as the issue was not properly before them for review on appeal. (Doc. 19-2, pp. 43-44; Doc. 19-3, p. 53).

Even if the court were to liberally construe this rejection reason as having been properly raised during the exhaustion procedure, McClintic is unable to overcome the defect that the original grievance exceeded two pages. See Rivera v. Pennsylvania Dept. of Corrections, 388 F. App'x 107, 108-09 (3d Cir. 2010) ("'proper exhaustion' requires a prisoner to comply with an agency's deadlines and other critical procedural rules") (citing Woodford, 548 U.S. at 90-91). McClintic's improper filing establishes procedural default and a lack of proper exhaustion for purposes of 42 U.S.C. § 1997e(a). Thus, defendants are entitled to summary judgment on this ground.

Further, McClintic is unable to overcome the glaring defect of failing to identify defendants Bickell, Eckard, and Johnson in the grievance. "[I]t is clear, regardless of the purpose of the requirement, that Spruill requires the prisoner-grievant-plaintiff to name in the grievance those he eventually sues, upon pain of

procedural default." Hemingway v. Ellers, 2008 WL 3540526, *11 (M.D. Pa. 2008). Under Spruill, it is plaintiff's burden to explain why he did not name a defendant in the grievance. See Spruill, 372 F.3d at 234 ("Spruill did not[] [name Brown in his grievance] and has offered no explanation for his failure to do so."). McClintic admits that he failed to name defendants Bickell, Eckard, and Johnson in the grievance, and states that the grievance only named the individuals "directly involved" in the alleged incident. (Doc. 27, pp. 2, 7). He further states that he would have named these defendants if he knew "beforehand that they weren't [going to] [right] [their] wrong." (Id. at p. 2). Defendants Bickell, Eckard, and Johnson are entitled to an entry of summary judgment based on McClintic's failure to name them in the original grievance. See Williams v. Pennsylvania Dep't of Corr., 146 F. App'x 554, 557 (3d Cir. 2005) ("in the absence of any justifiable excuse, a Pennsylvania inmate's failure to properly identify a defendant [on the grievance form] constituted a failure to properly exhaust his administrative remedies under the PLRA").

**IV.**     **Conclusion**

Based on the foregoing, defendants' motion for summary judgment on the limited issue of exhaustion (Doc. 18) will be granted.

An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     July 10, 2015